HOUSTON, Justice
(concurring in the result).
In this ease, some of the preliminary “arbi-trability” issues raised by Maurine Williams include claims of fraud in the inducement and the lack of mental capacity. Who decides these issues?
In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the United States Supreme Court unanimously held that questions regarding arbitrability are decided by courts, unless the contract very clearly grants to arbitrators the power to decide even preliminary issues of arbitrability. Although Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), was not specifically overruled or even mentioned in First Options, the reasoning of First Options is dramatically opposed to that of Prima Paint, so Prima Paint and its progeny must give way to First Options. Apparently, the current nine Justices on the United States Supreme Court believe that Justice Hugo Black’s dissent in Prima Paint, which concludes with the following sentence, is the correct understanding of the Federal Arbitration Act: “If there has never been any valid contract, then there is not now and never has been anything to arbitrate.” 388 U.S. at 425, 87 S.Ct. at 1817. This is consistent with the words of 9 U.S.C. § 2: “A written provision ... to settle by arbitration ... shall be ... enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.”
The only reasonable interpretation of First Options and of 9 U.S.C. § 2 is that all issues of arbitrability must first be determined by the court, including the issue whether the contract very clearly grants the arbitrators the power to decide even preliminary issues of arbitrability. 514 U.S. at-, 115 S.Ct. at 1923-25.